Donald P. JOYCE, Plaintiff,

v.

**FEDERAL BUREAU OF INVESTIGATION, et al., Defendants.**

**No. Civ.A. 95–844(RMU).**

United States District Court, District of Columbia.

July 9, 2001.

---

Donald P. Joyce, Elmira, NY, pro se.

Scott S. Harris, Assistant United States Attorney, Washington, DC, for defendants.

## MEMORANDUM OPINION

URBINA, District Judge.

### GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

This Freedom of Information Act ("FOIA") case comes before the court upon the defendants' motion for summary judgment. *See* 5 U.S.C. § 552. Donald Joyce ("the plaintiff" or "Mr. Joyce"), a prisoner, seeks to compel the Federal Bureau of Investigation ("FBI") to produce copies of "all finger print cards and arrest records" concerning him. Mr. Joyce claims that the FBI has unlawfully withheld these documents, despite his requests. Under Title 28 U.S.C. section 1915(a), the court has the authority to review civil ac-

tions in which a prisoner seeks redress from a governmental entity. *See* 28 U.S.C. § 1915(a).

After the court denied the defendants' motion to dismiss Mr. Joyce's FOIA claim, the FBI filed a motion for summary judgment. Pursuant to the court's order dated August 22, 2000, the defendants included a declaration from Scott A. Hodes, an FBI Attorney–Advisor, describing in sufficient detail the search for responsive records and all information withheld, including the basis for each withholding, as required by *Vaughn v. Rosen,* 523 F.2d 1136 (D.C.Cir. 1975). As per the court's order, the defendants stipulated that there is no segregable information[1] in the withheld material.

The defendants argue that the FBI has conducted a reasonable search and has provided all non-exempt, segregable information to Mr. Joyce. For the following reasons, the court will grant the defendants' motion for summary judgment.

## II. BACKGROUND

On March 2, 1995, Mr. Joyce filed his complaint, in which he asked the court to issue an order requiring the FBI to produce copies of "all finger print cards and arrest records" that he claimed to have sought in FOIA requests to the FBI. *See* Compl. at 1. On June 13, 1996, this court granted the FBI's motion to stay all proceedings in this case pursuant to *Open America v. Watergate Special Prosecution Force,* 547 F.2d 605, 616 (D.C.Cir.1976) (allowing an extension of time to process a FOIA request when the agency can show that it is exercising due diligence in processing the request, but needs additional time because of a lack of resources), and ordered the FBI to submit a declaration

under *Vaughn v. Rosen,* 523 F.2d 1136, 1146 (D.C.Cir.1975) (requiring a detailed description of the search for responsive records and all information withheld, including the basis for each withholding or redaction).

On January 13, 1997, the FBI submitted a declaration from J. Kevin O'Brien, an FBI Supervisory Special Agent, setting forth the parameters of the search for documents responsive to the plaintiff's FOIA request and the basis for withholdings from those documents pursuant to FOIA exemptions. *See* O'Brien Decl. at 7, 9–14. Mr. O'Brien's declaration stated that the FBI had found 12 responsive pages and provided all 12 pages to the plaintiff, with only minor redactions pursuant to FOIA exemption 7(c). *See* 5 U.S.C. § 552(b)(7)(C) (allowing redaction of records or information compiled for law-enforcement purposes to the extent that disclosure of such information could reasonably be expected to constitute an unwarranted invasion of personal privacy).

In September 1998, with leave of the court, the plaintiff filed an amended complaint adding the Commonwealth of Pennsylvania, the Philadelphia Police Department, and the Philadelphia District Attorney's Office as defendants. *See* First Am.Compl. at 1. On August 24, 1999, Mr. Joyce filed a second amended complaint, adding several individual FBI agents as defendants (collectively with the FBI, "the federal defendants"). In addition, Mr. Joyce alleged that as a result of this suit, the parole board retaliated against him by denying parole. *See* Second Am.Compl. ¶¶ 2, 3. Furthermore, Mr. Joyce claimed additional statutory

---

**1.** The FOIA requires that "any reasonably segregable" information be disclosed. *See* 5 U.S.C. § 552(b). In *Armstrong v. Executive Office of the President,* the D.C. Circuit held

that an affidavit must show with " 'reasonable specificity' why a withheld document could not be further segregated." *See* 97 F.3d 575, 578–79 (D.C.Cir.1996).

and constitutional violations. *See* Second Am.Compl. at 1, Sec. V.

In March 2000, the federal defendants moved to dismiss the second amended complaint, arguing that it failed to allege that the FBI had improperly withheld non-exempt material from Mr. Joyce, and that the remaining added allegations do not relate to the federal defendants. *See* Mot. to Dismiss at 1, 2, 7–13. On August 22, 2000, the court granted in part and denied in part the federal defendants' motion to dismiss. Specifically, the court dismissed the newly raised claims in the second amended complaint. *See* Mem.Op. dated 8/22/00 at 2. The court, however, did not dismiss the plaintiff's original FOIA claim. *See id.* In addition, the court ordered the federal defendants to file a motion for summary judgment regarding the original FOIA claim by September 29, 2000. *See id.* Moreover, the court directed the federal defendants to attach declarations describing in sufficient detail the search for responsive records and all information withheld, including the basis for each withholding, as per *Vaughn v. Rosen,* 523 F.2d 1136 (D.C.Cir.1975). *See id.* at 7. The court also ordered the federal defendants to include a statement regarding the segregability of each record as per *Kimberlin v. Department of Justice,* 139 F.3d 944, 950 (D.C.Cir.1998), which requires that a *Vaughn* index identify with specificity which information may be disclosed and which may be withheld. *See id.*

In response to the order issued by this court, the plaintiff appealed to the United States Court of Appeals for the District of Columbia Circuit. The D.C. Circuit declined to review this court's order, indicating that "non-final" orders are not subject to appellate review. *See* D.C.Cir. Order, Dkt. No. 00–5333 (Sept. Term, 2000).

On September 29, 2000, the federal defendants filed a motion for summary judg-ment. The federal defendants included a declaration from Mr. Scott A. Hodes, an FBI Attorney–Advisor and Acting Chief in the Litigation Unit, Freedom of Information–Privacy Acts Section in the Office of Public and Congressional Affairs at FBI Headquarters in Washington, D.C. Mr. Hodes' declaration largely reiterates the O'Brien declaration. *See* Decl. of Scott A. Hodes dated 9/21/00 ("Hodes Decl."). The declaration indicates that the names of a local law-enforcement officer and an FBI Special Agent are the only pieces of information that continue to be withheld from Mr. Joyce. *See. id.* at 3. Mr. Hodes maintains that this information falls within the exemption provided by 5 U.S.C. § 552(b)(7)(C). *See id.* Furthermore, Mr. Hodes contends that "there is no segregable information in the withheld material." *See id.*

## III. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 56(c) states that summary judgment is appropriate when the pleadings and evidence demonstrate that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Diamond v. Atwood,* 43 F.3d 1538, 1540 (D.C.Cir.1995). To determine what facts are "material," a court must look to the substantive law on which each claim rests. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense, and therefore, affect the outcome of the action. *See Celotex,* 477 U.S. at 322, 106 S.Ct. 2548; *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *See Anderson,* 477 U.S. at 255, 106 S.Ct. 2505. All evidence and the inferences drawn therefrom must be considered in the light most favorable to the nonmoving party. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *See Anderson,* 477 U.S. at 252, 106 S.Ct. 2505. To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the ultimate burden of proof at trial." *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548. By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. *See id.*

■ In a FOIA case, "the Court may award judgment in favor of an agency defendant solely on the basis of information provided in affidavits or declarations when the affidavits or declarations describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *Lucena v. Drug Enforcement Administration,* Dkt. No. 99–0633, Feb. 8, 2000, at 3(ESH) (quoting *Military Audit Project v. Casey,* 656 F.2d 724, 738 (D.C.Cir.1981)).

### B. FOIA Exemption 7(c)

■ The FOIA exempts disclosure of information "compiled for law enforcement purposes" to the extent that such information "could reasonably be expected to constitute an unwarranted invasion of personal privacy." *See* 5 U.S.C. § 552(b)(7)(C). Accordingly, "[d]eletion of the names and identifying information of law enforcement personnel under similar circumstances is routinely upheld." *Lucena,* Dkt. No. 99–0633, at 6. This exemption recognizes the potential for harassment and the infringement on the private lives of law-enforcement officials. *See id.* As a result, information that would otherwise fall under this exemption is subject to disclosure only when the evidence strongly indicates that the information is being withheld on illegal grounds. *See id.*

■ In this case, the defendants argue that the FBI has performed a reasonably diligent search and has provided Mr. Joyce with the non-exempt, segregable information that he requested under the FOIA. *See* Mot. for Summ.J. at 1. Specifically, the FBI withheld the names of a local law-enforcement officer and an FBI Special Agent to protect the officers from "harassment or other inquiries regarding their involvement in Plaintiff's case." *See* Mot. for Summ.J. at 8. The Hodes and O'Brien declarations credibly enunciate the reasons for nondisclosure, namely, the potential threat to the officers' privacy. *See* Hodes Decl. at 3; O'Brien Decl. at 12.

Considering the nature of this information, the court agrees with the defendants that disclosure of the officers' names might lead to unsolicited invasions into the officers' private lives. In sum, the Hodes declaration demonstrates that the FBI conducted a reasonable search for the requested information and that the FBI provided all information required by the FOIA.

### IV. CONCLUSION

For all these reasons, the court grants the federal defendants' motion for summary judgment. An Order directing the

parties in a fashion consistent with this Memorandum Opinion is separately and contemporaneously issued this 9th of July, 2001.

## ORDER

GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

For the reasons stated in this court's Memorandum Opinion separately and contemporaneously issued this 9th day of July, 2001, it is

**ORDERED** that the defendants' motion for summary judgment shall be and hereby is **GRANTED**.

**SO ORDERED.**